FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ NOV 0 1 2005
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN WATKINS,

                Petitioner,

-against-

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION; THE NEW YORK
STATE OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE,

                Respondents.
------------------------------------------------------------X

Civil Action No.
CV-05-4992 (DGT)

MEMORANDUM
AND ORDER

    Petitioner Kevin Watkins, appearing *pro se*, seeks to remove an action he filed in the Supreme Court of New York, County of Kings. The petition for removal is denied and this matter is remanded to the state court as set forth below.

    On October 12, 2005, petitioner filed a civil action in the Supreme Court of the State of New York, Kings County, seeking to vacate respondents' decision denying his request for emergency rental assistance. See Petition, Exhibit A, Watkins v. New York City Human Resources Admin., et al., Index No. 31313/05. Petitioner alleges that defendant New York City Human Resources Administration (HRA) denied his request for emergency rental assistance because he had filed for bankruptcy. See Exhibit, A, Verified Petition at ¶ 14.

    Section 1441(a) of the removal statute provides that

> Except as otherwise provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending (emphasis added).

1

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock Oil & Gas, Corp. v. Sheets, 313 U.S. 100, 108 (1941)). Here, petitioner filed the case in state court. Because petitioner is not a defendant in the action, he is not permitted to seek removal. In any event, the Court finds that it does not have original jurisdiction since the denial of emergency rental assistance does not raise a federal question. See, generally, Fax Telecommunicaciones, Inc. v. AT & T, 138 F.3d 479, 485 (2d Cir. 1998) (subject matter jurisdiction must turn on the existence of federal question jurisdiction); Barbara v. New York Stock Exchange, 99 F.3d 49, 53 (2d Cir. 1996) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

Conclusion

Accordingly, the Court concludes that removal should not be permitted and the action is hereby remanded to the Supreme Court for the State of New York, County of Kings, pursuant to 28 U.S.C. § 1446(c)(4) ("if it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Dated: October 31, 2005
Brooklyn, New York

SO ORDERED.

David G. Trager
United States District Judge

2

SENT TO:

Kevin Watkins
95 Eastern Parkway #2E
Brooklyn, NY 11238